UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KERI PULLIAM

                                        CIVIL ACTION

VERSUS

                                        NUMBER 08-236-BAJ-SCR

COMCORP OF BATON ROUGE, INC.
d/b/a WVLA, NBC 33

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 28, 2010.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KERI PULLIAM

                                        CIVIL ACTION

VERSUS

                                        NUMBER 08-236-BAJ-SCR

COMCORP OF BATON ROUGE, INC.
d/b/a WVLA, NBC 33


## MAGISTRATE JUDGE'S REPORT

Before the court is the Defendant's Motion for Summary Judgment filed by defendant Comcorp of Baton Rouge, Inc. d/b/a WVLA, NBC 33. Record document number 11. The motion is opposed.[1]

Defendant sought dismissal of all the plaintiff's claims. Based on the applicable law and analysis of the summary judgment record, the evidence supports the plaintiff's argument that there is a genuine dispute for trial on her claim of sexual harassment/hostile work environment under Title VII and the Louisiana Employment Discrimination Law, and her Title VII retaliation claim.


## Background

Plaintiff Keri Pulliam was employed as a producer in the defendant's news department from January 11, 2007 to April 16, 2007. Plaintiff's immediate supervisor was assistant news director

_____

[1] Record document number 14. Defendant also filed a reply memorandum. Record document number 19.

1

Rahshaneka Holmes, and her next-in-line direct supervisor was news director Jeff Hamburger.  Hamburger's supervisor and the station's general manager was Phil Waterman.  Plaintiff obtained the position after being interviewed and recommended for hiring by Hamburger. Hamburger's recommendation to hire the plaintiff was approved by Waterman and the defendant's chief financial officer, Greg Boulanger.[2]

Plaintiff alleged that during her brief employment she was subjected to degrading comments and actions by meteorologist Nelson Robinson because of her sex, and that some of this conduct occurred in the presence of other news department employees.  Plaintiff also alleged that when she complained about Robinson's conduct to her supervisors, Holmes and Hamburger, they did not take any steps to investigate or remedy her complaints of sexual harassment. Plaintiff asserted that following her complaints Robinson instigated confrontations with her in front of co-workers, and that one such incident occurred on April 11, 2007.  Plaintiff claimed that her written report of this incident and other complaints of sexual harassment resulted in her termination five days later. Plaintiff also alleged that during her employment she was treated differently from other employees because of her race, African

---

[2] Record document number 14-4, plaintiff depo., pp. 67-68, 73-75; record document number 14-7, Holmes depo., p. 115; record document number 11-3, defendant exhibit B, Hamburger depo., pp. 18, 20-21.

American.

After her termination the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), and then filed this action alleging sexual harassment, and disparate treatment based on race, sex and retaliation in violation of 42 U.S.C. §§ 2000e-2 and 2000e-3 (Title VII), 42 U.S.C. § 1981 and the Louisiana Employment Discrimination Law, LSA-R.S. 23:332 (LEDL).

Defendant moved for summary judgment on all of the plaintiff's claims.  Defendant made the following arguments in support of its motion: (1) the plaintiff has no evidence to support a prima facie case of race or sex discrimination, nor any evidence to dispute the legitimate, nondiscriminatory reason for her termination; (2) the plaintiff's sexual harassment/hostile work environment claim fails because the alleged conduct was not so severe or pervasive that a reasonable person would have found it hostile or abusive, and because the plaintiff failed to timely complain about the conduct to her supervisors; and (3) the plaintiff's retaliation claim should be dismissed because she did not include retaliation in her EEOC charge, and the plaintiff does not have evidence to establish a causal connection between any protected activity and her termination.

In support of the motion the defendant submitted a statement

3

of undisputed material facts,[3] and argued that the following evidence demonstrates the absence of a genuine dispute for trial: (1) declaration of Tracy Granier, business manager for the defendant's Baton Rouge operations and custodian of company records;[4] (2) deposition testimony from the plaintiff, Hamburger, Robinson, Valentina Wilson,[5] Holmes, Waterman and Jeff Beimfohr;[6] (3) personnel documents related to the plaintiff's hiring and termination, and a copy of the plaintiff's acknowledgment of receipt of defendant's policies;[7] (4) a copy of the defendant's employee policies and procedures;[8] (5) a copy of the plaintiff's July 25, 2007 EEOC Charge of Discrimination;[9] and (6) a copy of the April 11, 2007 incident report written by the plaintiff and sent to Holmes, Hamburger and Waterman.[10]

Plaintiff argued that the evidence demonstrates a genuine dispute for trial on her claims of sexual harassment and

---

[3] Record document number 11-2.

[4] Record document number 11-3, defendant exhibit A.

[5] Wilson was one of the desk anchors at the station. Plaintiff depo., p. 87.

[6] Defendant exhibits C, B, F, G, H, K, and N, respectively.

[7] Defendant exhibits D, E, M, and O-R, respectively.

[8] Defendant exhibit L.

[9] Defendant exhibit I.

[10] Defendant exhibit J.

4

retaliation.  With regard to the claim of sexual harassment, the plaintiff asserted that the evidence shows Robinson's harassment was severe or pervasive enough to alter the terms and conditions of her employment.  Plaintiff also maintained that the evidence shows both Holmes and Hamburger observed the harassment and received complaints about it from the plaintiff, but failed to investigate or take any actions to stop it.  As to the retaliation claim, the plaintiff argued that the substance of her Charge of Discrimination demonstrates that the claim of retaliation was within the scope of the EEOC investigation which could reasonably grow out of the charge.  Plaintiff also argued that evidence of the circumstances and timing of her firing are sufficient to support a reasonable inference that retaliation was a motivating factor in the defendant's decision.

Plaintiff relied on a statement of facts in dispute,[11] her deposition testimony,[12] Holmes' deposition testimony,[13] and a copy of the Charging Party Harassment Questionnaire she completed in connection with her EEOC charge.[14]

However, based on the applicable law and analysis of the summary judgment record, the evidence supports the plaintiff's

---

[11] Record document number 14-1.

[12] Record document numbers 14-2 – 14-6.

[13] Record document number 14-7.

[14] Record document number 14-10.

argument that there is a genuine dispute for trial on her claim of sexual harassment/hostile work environment under Title VII and the LEDL, and her Title VII retaliation claim.

## Summary Judgment Standard

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence, or resolve factual disputes. *Id.*; *Reeves v.*

6

*Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000).  On summary judgment, evidence may only be considered to the extent not based on hearsay or other information excludable at trial.  *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

## Applicable Law

The applicable substantive law dictates which facts are material. *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 439 (5th Cir. 2001).  In this case the court must apply the law applicable to the federal and state law claims alleged by the plaintiff: (1) a claim of sex discrimination based on a hostile work environment under Title VII and the LEDL; and (2) a claim of retaliation under Title VII.

## Title VII and LEDL-Sex Discrimination
## Based on Hostile Work Environment

Plaintiff may establish a violation of Title VII and the LEDL by proving that the workplace is permeated with discriminatory intimidation, ridicule and insult that is so severe or pervasive that it alters the conditions of employment and creates a hostile or abusive working environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370 (1993); *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298-99 (5th Cir. 2001).  In order to

7

establish a claim that sex discrimination has created an abusive or hostile work environment, a plaintiff must prove the following five elements in cases where it is asserted that a co-worker perpetrated the harassment: (1) that she belongs to a protected class; (2) that she was subjected to unwelcome harassment; (3) that the harassment was based on race or gender; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that her employer knew or should have known of the harassment and failed to take prompt remedial action. *Woods*, 274 F.3d at 298; *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999); *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 325-26 (5th Cir. 2004).[15]

For harassment to affect a term, condition or privilege of employment it must be both objectively and subjectively severe or pervasive, that is, the work environment must be one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. *Lauderdale v. Texas Dept. of Criminal Justice, Inst. Div.*, 512 F.3d 157, 163 (5th Cir. 2007). Whether a work environment is objectively hostile or abusive is determined by considering the totality of the circumstances. Courts look to: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or

---

[15] Louisiana courts interpret the LEDL to require the same elements of proof applicable to Title VII hostile work environment claims based on sexual harassment. *Assamad v. Percy Square and Diamond Foods, LLC.*, 2007-1229 (La.App. 1 Cir. 7/29/08), 993 So.2d 644, 648, *writ denied*, 2008-2138 (La. 11/10/08), 996 So.2d 1077.

humiliating as opposed to a mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether the conduct undermines the plaintiff's workplace competence. *Id.*; *Hockman*, 407 F.3d at 325-26; *Harris*, 510 U.S. at 23, 114 S.Ct. at 371.

Not all harassment will affect the terms, conditions, or privileges of employment. The mere utterance of an offensive comment or remark which hurts an employee's feelings is not sufficient to affect the conditions of employment. Simple teasing, offhand comments, and isolated incidents, unless they are extremely serious, are not sufficient to affect the terms, conditions or privileges of employment. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405 (1986).

## Title VII Exhaustion of Administrative Remedies

The filing of a charge of discrimination with the EEOC is a prerequisite to filing a Title VII action. *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). However, a cause of action under Title VII can be based not only upon the specific complaints made in the initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination. *Fine v.*

*GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).   An administrative charge must be liberally construed. *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112, 1123 (5th Cir. 1981), vacated on other grounds, 456 U.S. 955, 102 S.Ct. 2028 (1982).   The scope of the suit may extend as far as, but no further than the scope of the EEOC investigation which could reasonably grow out of the administrative charge. *Fine*, *supra.*, citing, *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir.), *cert.denied*, 464 U.S. 828, 104 S.Ct. 102 (1983).

> We use a fact-intensive analysis of the administrative charge that looks beyond the four corners of the document to its substance.   In sum, a Title VII lawsuit may include allegations like or related to allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission. (internal quotations and citations omitted).

*McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008), citing, *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).


## Title VII Retaliation Claim

A plaintiff establishes a prima facie case for unlawful retaliation under 42 U.S.C. § 2000e-3(a) by proving: (1) that he or she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal connection exists between the protected activity and the adverse employment action.

*LeMaire v. State of Louisiana*, 480 F.3d 383, 388 (5th Cir. 2007).[16]

An employee has engaged in protected activity if he or she has (1) opposed any practice made an unlawful employment practice by the statute, or (2) made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing. *Grimes v. Texas Dept. of Mental Health*, 102 F.3d 137, 140 (5th Cir.1996). The opposition clause requires the employee to show that he or she had at least a reasonable belief that the practices opposed were unlawful. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). However, proof of an actual unlawful employment practice is not required to state a claim for unlawful retaliation. *Id.*, at 309, n.10, *citing*, *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1137-41 (5th Cir. 1981).

Title VII's retaliation provision is not limited to actions and harms that relate to employment or occur at the workplace. It covers employer actions materially adverse to a reasonable employee, that is, actions that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe Railway Co. v.*

---

[16] Under the LEDL only the sections prohibiting discrimination based on age and sickle cell trait contain anti-retaliation provisions. Anti-retaliation provisions are absent from the section that prohibits discrimination based on race, color, religion, sex and national origin. Therefore, plaintiff has no retaliation claim under state law, only Title VII. *Smith v. Parish of Washington*, 318 F.Supp.2d 366, 373 (E.D. La. 2004).

11

*White*, 548 U.S. 53, 67, 126 S.Ct. 2405, 2415 (2006); *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008).[17]

The causal link required by the third prong of the prima facie case does not have to meet a "but for" standard. A plaintiff does not have to prove that his protected activity was the sole factor motivating the employer's challenged actions to establish the causal link element of a prima facie case. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Close timing between an employee's protected activity and an adverse action against the employee may provide the causal connection needed to make out a prima facie case of retaliation. *McCoy v. City of Shreveport*, 492 F.3d 551, 562, n. 28 (5th Cir. 2007); *Swanson v. General Services Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

If the plaintiff establishes a prima facie case of retaliation, the defendant must come forward with a legitimate, nonretaliatory reason for its adverse employment action. Once the defendant advances its reason, the focus becomes the ultimate issue in a retaliation case, which is whether the employer retaliated against the employee because he or she engaged in protected activity. Although not in itself conclusive, the timing of an employer's actions can be a significant factor in the court's

---

[17] *Burlington* overruled Fifth Circuit precedent which limited actionable Title VII retaliatory conduct to ultimate employment decisions. *Burlington*, 126 S.Ct. at 2410.

analysis of a retaliation claim.  *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir. 1992).

In Title VII retaliation claims the recent Fifth Circuit decision in *Smith v. Xerox Corp.*[18] modified the law applicable to a plaintiff's burden of proving retaliation.  In *Smith* the defendant challenged the district court instructing the jury on a mixed-motive theory of causation, which allowed the jury to find for the plaintiff on her retaliation claim with only a "motivating factor" rather than "but-for" causation.[19]  The court considered the Supreme Court's analysis of the statutory words "because of" in *Gross v. FBL Financial Services, Inc.,* an ADEA case.[20]  The court concluded that *Gross* was not controlling because it was an ADEA case that did not involve the standard for causation and shifting burdens in a Title VII retaliation case.  Therefore, the court looked to its Title VII retaliation precedents based on *Price*

---

[18] 602 F.3d 320, 329-30 (5th Cir. 2010).

[19] The plaintiff in *Smith* brought claims of discrimination based on gender, age and retaliation.  The jury returned a verdict in favor of the defendant on the claims of gender and age discrimination, but on the retaliation claim found in Smith's favor.  The jury "concluded in a special interrogatory that Smith proved her EEOC charge was a motivating factor in Xerox's termination decision."  *Id.*, at 325.

[20] ____ U.S. ____, 129 S.Ct. 2343 (2009).  In *Gross* the Supreme Court held that under the federal age discrimination statute (ADEA), the ordinary meaning of the words, "because of" require a showing that the adverse employment action would not have occurred but for the prohibitive motive.  *Id.*, at 2350.

*Waterhouse v. Hopkins*,[21] and the Supreme Court decision in *Desert Palace, Inc. v. Costa*.[22]  The court concluded that a mixed-motive theory may still be used in Title VII retaliation cases, and a plaintiff is not required to have direct evidence of retaliation in order to proceed under this theory.

Prior to *Smith*, the Fifth Circuit had stated that in order for a plaintiff to prevail on a Title VII retaliation claim, the plaintiff had to prove that the adverse employment action would not have occurred but for the protected activity.  *Strong v. University Health Care System, L.L.C.*, 482 F.3d 802, 806 (5th Cir. 2007) (decision in *Septimus* leaves no doubt that the but for standard controls); *Septimus* v. *University of Houston*, 399 F.3d 601, 608-09 (5th Cir. 2005); *Vadie v. Mississippi State University*, 218 F.3d 365, 374 (5th Cir. 2000).  Stated another way, "[w]hether or not there were other reasons for the employer's actions, the employee will prevail only by proving that 'but for' the protected activity she would not have been subjected to the action of which she claims." *Jack v. Texaco Research Center*, 743 F.2d 1129, 1131 (5th Cir. 1984).  It is now apparent from the Fifth Circuit's analysis in *Smith* that a plaintiff may also satisfy the burden of proving retaliation under Title VII by demonstrating that unlawful retaliation was a motivating factor in the employer's adverse

[21] 490 U.S. 228, 109 S.Ct. 1775 (1989).

[22] 539 U.S. 90, 123 S.Ct. 2148 (2003).

14

employment decision.  Consequently, to withstand summary judgment the plaintiff, using direct or circumstantial evidence, must present sufficient evidence for a reasonable jury to conclude that retaliation was a motivating factor for the defendant's employment action.  *See*, *Roberson v. Alltel Information Services*, 373 F.3d 647, 652 (5th Cir. 2004), *citing*, *Desert Palace*, 539 U.S. at 101, 123 S.Ct. at 2155.

## Analysis

### There is no genuine dispute for trial on the Title VII/LEDL and § 1981 claims for race or sex discrimination based on termination.

Defendant's motion for summary judgment on the plaintiff's claim that she was terminated because of her race and/or sex should be granted.  The summary judgment record supports the defendant's argument that evidence of termination based race or sex discrimination is lacking.[23]  Plaintiff did not argue or offer any evidence to oppose the defendant's motion on these grounds.  Therefore, the plaintiff's claims under § 1981 and Title VII that her termination was motivated by her race and/or sex should be dismissed.

### There is a genuine dispute for trial on the Title VII/LEDL claims of sex discrimination based on a hostile work environment.

Defendant argued that this claim fails because the comments

---

[23] Record document number 11-1, memorandum in support, pp. 19-23.

and behavior attributed to Robinson over a three month period were not so severe and pervasive that they altered the terms and conditions of the plaintiff's employment.  According to the defendant, the evidence shows that the alleged offensive conduct was infrequent, entirely verbal in nature and not in any way physically threatening.  Citing the plaintiff's testimony and other sexual harassment cases, the defendant argued that as a matter of law the plaintiff cannot meet the high standard necessary to show that the harassment was severe and pervasive.

Contrary to the defendant's argument, the plaintiff is only required to establish that the harassment was severe or pervasive, not both.  Title VII provides a legal remedy to victims who establish that the harassment was severe or pervasive.  Harassment need not be both severe and pervasive to impose liability.[24]  In response to the defendant's motion, the plaintiff has come forward with evidence from which a reasonable jury could find that the offensive conduct was so pervasive that a reasonable person would find it created a hostile or abusive work environment.[25]  Over a brief period of time - three months - the plaintiff pointed to

---

[24] *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428 434-35 (5th Cir. 2005); *Mire v. Texas Plumbing Supply Company, Inc.*, 286 Fed.Appx. 138 (5th Cir. 2008).

[25] Defendant did not argue that the alleged harassment was not based on gender, or that the plaintiff did not subjectively perceive the conduct to be offensive or the work environment hostile.

evidence which could support a reasonable inference: (1) that Robinson's offensive/abusive comments and behavior occurred at lease several times a week;[26] (2) that Robinson's conduct when viewed as a whole was humiliating and physically threatening; and (3) that Robinson's offensive and hostile conduct unreasonably interfered with and undermined the plaintiff's ability to perform her job duties as a news producer.[27]

While each incident of alleged harassment viewed in isolation would not support a finding that the harassment was severe or pervasive, the legal principles governing a sexual harassment discrimination claim require a determination based on the totality

---

[26] Notably, the defendant did not include a discussion of several incidents where the plaintiff described how Robinson criticized her time management of the broadcast by engaging in an angry, threatening confrontation/criticism of her while she was performing her job duties, and at the end of one confrontation referred to her as "you little black bitch." These incidents are relevant. Offensive conduct is not necessarily required to include sexual overtones in every instance. Verbal attacks that indicate anti-female animus can be found to contribute to the hostile environment. *See*, *Oncale v. Sundowner Offshore Services,* Inc., 523 U.S. 75, 118 S.Ct. 998, 1002 (1998)(In discussing allegations of same-sex harassment, the court noted harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex, and that the critical issue is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.); *see also,* Dean-Ball *v. Garry McKinney Auto Group*, 2005 WL 2304501 (W.D.La. Sept. 6, 2005)(cases cited therein); *Russell v. Harmony Corp.*, 2002 WL 1467873 (E.D.La. July 9, 2002).

[27] *See for example,* plaintiff depo., pp. 71, 73-76, 79-81, 89-91, 96-137, 140-43, 150-57, 161-73, 176; Holmes depo., pp. 18, 25-46, 57, 59-61, 64-65, 67, 102, 106, 116, 118-19, 122, 124-27, 129, 132-33, 141-47.

of the circumstances.  Using this standard and the well-established rules governing summary judgment,[28] the plaintiff has come forward with sufficient evidence to create a genuine dispute for trial as to whether the harassment was so severe or pervasive that it altered the terms and conditions of her employment.

This same evidence also demonstrates that there is a genuine factual dispute on the fifth element of the plaintiff's sexual harassment/hostile work environment claim - that her employer knew or should have known of the harassment and failed to take prompt remedial action.  Plaintiff has presented evidence that during her three months of employment Holmes and Hamburger either observed, or received complaints from the plaintiff about, Robinson's offensive/hostile comments and behavior, and they did not investigate or take any action to remedy the situation.  Again, without resolving conflicts in the evidence, and drawing all reasonable inferences from the evidence in the light most favorable to the plaintiff, this evidence is sufficient to create a genuine dispute for trial.

**Plaintiff's Title VII retaliation claim should not be dismissed for failure to exhaust administrative remedies.**

Defendant argued that the retaliation claim should be

---

[28] On summary judgment the court must draw all reasonable inferences from the evidence in the light most favorable to the plaintiff, and avoid weighing the evidence or making any credibility determinations.  *Anderson*, *supra*.

dismissed for failure to exhaust administrative remedies because the plaintiff did not check the box for retaliation, or otherwise indicate in her EEOC charge and questionnaire that she alleged retaliation for engaging in protected activity.[29]   Plaintiff acknowledged that she did not check the box for retaliation, but argued that the contents of her charge and questionnaire alleged that she was being retaliated against for reporting sexual harassment.

Plaintiff's argument is persuasive.   Plaintiff did not check retaliation on the form, but review of the EEOC charge and questionnaire supports finding that a retaliation claim was within the scope of the EEOC investigation that could reasonably be expected to develop out of her Charge of Discrimination.[30]   The statements in the charge and the charging party questionnaire clearly point to a claim of retaliation.   In the charge itself the plaintiff stated that after reporting ongoing verbal harassment she was terminated.   Although in this sentence the plaintiff specifically referred to the events of April 9-11, the next paragraph also described other harassment involving sexual comments.   Plaintiff also alleged in her Charging Party Harassment Questionnaire that she objected to the harassment, reported it to

---

[29] Defendant exhibit I, EEOC Charge dated July 25, 2007.

[30] *Id.*; record document number 14-11, Charging Party Harassment Questionnaire dated December 3, 2007 (both charge and questionnaire signed by plaintiff as declarations under penalty of perjury).

19

management and as a result she was terminated.  Plaintiff was employed by the defendant for only three months and her termination occurred only a few days after the events of April 9-11.  These circumstances also support the conclusion that it would be reasonable to expect any EEOC investigation to include an inquiry into the entire employment relationship, including whether retaliation was a motivating factor in the defendant's decision to fire the plaintiff.

Therefore, looking at the substance of the plaintiff's Charge of Discrimination, as amplified by her Charging Party Harassment Questionnaire, investigation of a retaliation claim could reasonably be expected to grow out of the EEOC charge.  Plaintiff's Title VII retaliation claim should not be dismissed for failure to exhaust administrative remedies.

## There is a genuine dispute for trial on whether retaliation was a motivating factor in the plaintiff's termination.

A prima facie case of retaliation under Title VII requires proof of protected activity, an adverse employment action,[31] and a causal connection between the two.[32]  Contrary to the defendant's arguments, the plaintiff has come forward with sufficient evidence to create a genuine dispute for trial on the elements of a prima

---

[31] There is no dispute that an adverse employment action occurred - the plaintiff was terminated.

[32] *Lemaire*, *supra*.

facie case of retaliation.  Based on the plaintiff's and Holmes' testimony already cited,[33] a reasonable jury could find that the plaintiff complained to her supervisors, opposing conduct that she reasonably believed was unlawful under Title VII, i.e., sexual harassment/discrimination because of sex.  It is undisputed that the plaintiff was notified of her termination five days after she reported the April 11 incident to Holmes, Hamburger and Waterman. Considering this evidence, and crediting the plaintiff's and Holmes' testimony regarding the plaintiff's complaints to her supervisors during this same time frame, there is sufficient evidence upon which a reasonable jury could find a causal connection between the plaintiff's protected conduct and her termination.

Finally, sufficient evidence also exists in the summary judgment record to genuinely dispute the defendant's legitimate, nonretaliatory reason for the plaintiff's termination.  Hamburger's and Waterman's testimony and the April 16, 2007 termination notice,[34] are evidence that the plaintiff was fired because she was unprofessional and was incorrect in her handling of the April 11 incident with Robinson.  However, the plaintiff has come forward with enough evidence to create a genuine factual dispute as to who made the decision to terminate her employment, when the decision

---

[33] Footnote 28, *supra*.

[34] Defendant exhibit M.

was made, whether Robinson influenced the decision, and whether the plaintiff's opposition to Robinson's sex-based, offensive and hostile conduct was a motivating factor in that decision.[35]  This evidence, combined with the evidence supporting the plaintiff's prima facie case, creates a genuine dispute for trial on the plaintiff's retaliation claim.

## Recommendation

It is the recommendation of the magistrate judge that the Defendant's Motion for Summary Judgment be granted in part, dismissing the plaintiff's claims under 42 U.S.C. § 1981, Title VII and the LEDL that she was terminated because of her race and sex.

It is further recommended that the Defendant's Motion for Summary Judgment be denied as to the plaintiff's Title VII and LEDL claims of sexual harassment/hostile work environment and her Title VII retaliation claim.

Baton Rouge, Louisiana, October 28, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[35] *See for example,* Holmes depo., pp. 18, 22-24, 29-32, 38-39, 48-56, 59-61, 75, 132; Robinson depo., p. 37; Waterman depo., 22-26, 32; Hamburger depo., pp. 60-62.